UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL SALIBY                          :
          Plaintiff,

v.                                      :        CIVIL ACTION NO. 303CV01535 (DJS)

PETER KENDZIERSKI,
PAUL M. THOMAS, and BECKMAN
COULTER INC.
          Defendants,                   :        OCTOBER 6, 2004

**<u>DEFENDANT'S MEMORANDUM OF
LAW IN SUPPORT OF HIS
MOTION FOR SUMMARY JUDGMENT</u>**

I.       **<u>PRELIMINARY STATEMENT</u>**

      The plaintiff's Complaint was filed on September 10, 2003 and it is alleged in

Count One that Officer Peter Kendzierski deprived the plaintiff of his right to be free

from false arrest, arrest without a warrant, arrest without probable cause, and false

imprisonment secured by the Fourth and Fourteenth Amendments to the United

States Constitution, Article One of the Connecticut Constitution, and the common

law of the State of Connecticut. Plaintiff's complaint also alleges a defamation claim

against his former employer, the defendant Beckman Coulter, Inc., and the agent,

servant and employee of Beckman Coulter, Inc. the defendant Paul M. Thomas, in

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

Count Two. Count Three and Count Four set forth common law allegations of intentional infliction of emotional distress and negligent infliction of emotional distress, respectfully, against the defendants Beckman Coulter, Inc. and Paul M. Thomas. Since these causes of action are not directed against the defendant Peter Kendzierski they are not the subject of this Motion for Summary Judgment.

The plaintiff has sued the defendant Peter Kendzierski in his individual capacity only. The defendant has denied all of the material allegations as to liability in his Answer dated February 11, 2004 as well as raised the affirmative defenses of qualified immunity, governmental immunity, and failure to state a claim upon which relief can be granted, among others.

The undisputed facts of this case will show that Officer Kendzierski's actions were lawful, reasonable and prudent in concluding that the plaintiff should be transported via ambulance to Yale New Haven Hospital for an emergency psychiatric examination on March 5, 2002. The uncontested evidence will show that Officer Kendzierski was provided with relevant information regarding the plaintiff's erratic behavior prior to March 5, 2002 that is not contested by the plaintiff and that this information was relied upon by Officer Kendzierski in exercising his discretion and in deciding to have the plaintiff transported to the hospital pursuant to C.G.S.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

§17a-503. Furthermore, the medical reports from Yale New Haven Hospital reveal that the plaintiff was diagnosed with depression and that the plaintiff's behavior at the hospital resulted in the plaintiff being physically restrained and kept overnight for observation.

The actions taken by Officer Kendzierski were appropriate and warranted. He relied on the totality of the circumstances, including the information provided to him, the substance of his discussions with the plaintiff, his observations of the plaintiff's demeanor and behavior, his observations regarding the plaintiff's gun collection, and his concern for the safety of the plaintiff and others in making the decision that he did. Furthermore, his objectively reasonable actions entitle him to the defense of qualified immunity as to all of the plaintiff's allegations.

## II.   <u>LAW AND ARGUMENT</u>

In a motion for summary judgment, the movant has the burden of showing that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. <u>Lee v. Sandberg</u>, 136 F.3d 94, 102 (2d. Cir. 1997). In considering the motion the Court must draw all factual inferences in favor of, and take all factual assertions in the light most favorable to, the party opposing summary judgment. <u>Id</u>.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

The defendant submits that there are no genuine issues of material fact in this case and that he is entitled to judgment as a matter of law.

**A.  Under Connecticut General Statutes §17a-503 Officer Kendzierski's Actions Were Reasonable, Lawful and Proper**

Connecticut General Statutes §17a-503(a) provides in relevant part as follows:

> (1) Any police officer who has reasonable cause to believe that a person has psychiatric disabilities and is dangerous to himself or herself or others or gravely disabled, and in need of immediate care and treatment, may take such person into custody and take or cause such person to be taken to a general hospital for emergency examination under this section. The officer shall execute a written request for emergency examination detailing the circumstances under which the person was taken into custody, and such request shall be left with the facility. The person shall be examined within twenty-four hours and shall not be held for more than seventy-two hours unless committed under section 17a-502.

Involuntary civil confinement is a massive curtailment of liberty, Vitek v. Jones, 445 U.S. 480, 491 (1980), and cannot therefore be accomplished without due process of law. Id. at 492; Rodriguez v. City of New York, 72 F.3d 1051, 1061 (2d Cir. 1995); Rzayeva v. Foster, 134 F. Supp. 2d 239, 248 (D. Conn. 2001). The Supreme Court has held that a state cannot constitutionally confine without more a

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

nondangerous individual who is capable of surviving in freedom by himself or with the help of willing and responsible family members. O'Connor v. Donaldson, 422 U.S. 563, 576 (1975); Glass v. Mayas, 984 F.2d 55, 57 (2d Cir. 1993). A finding of dangerousness is thus required before a person may constitutionally be deprived of his liberty interest. Rzayeva, 134 F.Supp. 2d at 248. Connecticut General Statutes §17a-503(a) incorporates this dangerousness standard. Id. Williams v. Lopes, 64 F.Supp. 2d 37, 42 (D.Conn. 1999).

The statute does not provide an explicit definition of the term "reasonable cause," however, in arrest situations, the courts have normally held that the reasonable cause/probable cause standard in arrest situations does not require scientific certainty. Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistake on their part. Brinegar v. United States, 38 U.S. 160, 175 (1949). The probable cause basis for an arrest is based upon "the factual and practical consideration of everyday life on which reasonable and prudent men, not legal technicians, act." See Illinois v. Gates, 462, U.S. 231 (1981).

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

According to an opinion of the Connecticut Attorney General on the issue of what constitutes "reasonable cause," a doctor, nurse, or mental health professional could be the source of information needed to establish reasonable cause. <u>Williams</u>, 64 F.Supp. 2d at 42; <u>Hospitals</u>, <u>Mental Health</u>, <u>State Police</u>, Op. Att'y Gen. No 89-006 of 3/3/89, at 21, 27 (Letter to the Commissioner of the Department of Public Safety).  The opinion further states: "We hasten to add, however, that the decision as to whether reasonable cause exists under Conn. Gen. Stat. §17-183a (now 17a-503) is a discretionary function which must be exercised by the police officer." <u>Id</u>. (Exhibit 12).

Several court decisions in the District of Connecticut have involved the granting of summary judgment in favor of police officers in situations such as this case. In <u>Williams v. Lopes</u>, 64 F.Supp. 2d 37, 42 (D. Conn. 1999) the Court held that the defendant police officers as a matter of law had probable or reasonable cause to seize the plaintiff and transport her to the hospital for an involuntary commitment pursuant to C.G.S. §17a-503. <u>Id</u>. at 43. In that case the plaintiff called the police to report a harassment complaint. She claimed that her neighbor's child had thrown a knife at her two year old child. The plaintiff also told the police, inter alia, that there

LAW OFFICES OF BAIO & ASSOCIATES, P.C.

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

were electromagnetic fields within her house that caused her clocks to spin and her batteries to go dead, that someone was pouring fleas and other bugs into her chimney, that people were spying on her and trying to harm her, and that she had been involved in a car accident during a snowstorm that occurred in July. Id. at 39-40. The plaintiff's neighbor told police that her children were playing with plastic toy utensils and one of them fell to the ground from her balcony into the plaintiff's driveway. Id. The facts set forth in the defendants' Local Rule 9(c)1 statement were largely uncontested. Id. at 39. The Court concluded that it was objectively reasonable for the defendants to take the action they did based on their belief that the plaintiff was a danger to herself or others. Id. at 43.

In Rzayeva v. Foster, 134 F. Supp. 2d 239 (D. Conn. 2001) the Court held as a matter of law that the defendant police officers had reasonable cause in committing the plaintiff against her will, that their actions did not violate her due process rights under the Fourteenth Amendment, and that summary judgment was appropriate. In that case the pro se plaintiff and the defendants agreed that the plaintiff had threatened a hunger strike, that one of the defendant officers had observed the plaintiff to be visibly upset at her apartment, and that the plaintiff had threatened to kill herself.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

In <u>Perrelli v. Taylor</u>, 2003 WL23648096 (D. Conn. 2003), the plaintiff, who was scheduled to attend a hearing before the State Real Estate Commission concerning whether the Commission should revoke his real estate license, left threatening messages on the Commissioner's voice mail in which he used profanity and indicated that he wanted to die. The Commissioner expressed his concern about the plaintiff's mental state as well as the safety of the staff. <u>Id</u>. at 1.  It was arranged that there would be a State Trooper, the defendant Taylor, at the hearing. <u>Id</u>. at 1.

At the hearing the plaintiff openly cried, exhibited unstable behavior, and stated that he had suffered from numerous nervous breakdowns, that "everyone was out to get him," that he had been recently arrested at a bank on suspicion of carrying a gun, that he had been previously hospitalized for psychiatric problems, that he had an alcohol problem, and that he loved birds. <u>Id</u>. at 2.

After the hearing the defendant told the plaintiff that he was concerned about his mental health and arranged for an ambulance to bring him to Hartford Hospital. The plaintiff agreed to go to the hospital in the ambulance without incident and the defendant did not arrest or handcuff the plaintiff. The defendant provided the hospital with the emergency examination request form. <u>Id</u>. at 2.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

The Court found that based on the record the plaintiff appeared to have suffered from a significant psychological problem and that the totality of the plaintiff's appearance, demeanor, and spoken statements prior to and during the Commission hearing would have given a reasonable law enforcement officer probable cause to find that the plaintiff posed a safety risk to himself as well as the general public in accordance with the provisions of C.G.S. §17a-503(a). Id. at 3-4. The Court further concluded that the record evidence showed that the plaintiff was neither arrested nor illegally seized and that even if an arrest or seizure actually occurred the defendant would have had reasonable cause to commit the plaintiff to a hospital against his will. Id. at 4.

In the instant matter it cannot be disputed that the plaintiff's employer Beckman Coulter, Inc., including Paul Thomas, believed that the plaintiff had threatened to kill another employee of Beckman Coulter, Inc., on June 14, 2000. Indeed the plaintiff conceded during his deposition that he did not recall making these remarks because he was intoxicated at the dinner where they were alleged to have been made. (Rule 56(a)1 Statements of Facts 4-6). It is also not disputed that the plaintiff was advised by his employer in October of 2000 and during his performance reviews on February 19, 2001 and February 28, 2002 that his display

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

of anger towards internal people, his inappropriate verbal communications, and his use of vulgar language would not be tolerated and could lead to his dismissal from the company. (Rule 56(a)1 Statement of Facts 7-8). Approximately four days prior to March 5, 2002 at his performance review the plaintiff was annoyed, called a superior a "spineless worm," indicated he was depressed and that "I live for my job." (Rule 56(a)1 Statement of Facts 9-10).

Prior to being terminated in March 5, 2002 the plaintiff knew he was going to be fired and that it was going to be upsetting. He sedated himself with medication before coming to the termination meeting with Patrick Kelly and Paul Thomas. (Rule 56(a)1 Statement of Facts 11-12). At the termination meeting the plaintiff was extremely upset, despondent, and had tears in his eyes. (Rule 56(a)1 Statement of Fact 13). He was given a letter documenting the termination and was advised that if he entered Beckman Coulter property or contacted any of its employees except for Human Resources Beckman Coulter might seek a restraining order against him.

His employer was aware on March 5, 2002 that he suffered from depression. (Rule 56(a)1 Statement of Fact 19). According to the plaintiff it was common knowledge at Beckman Coulter that he had guns at his house and a license to carry a gun. (Rule 56(a)1 Statement of Fact 17). When Mr. Thomas drove him home after

LAW OFFICES OF BAIO & ASSOCIATES, P.C.

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

his termination he came into the plaintiff's kitchen where the plaintiff had his gun safe. The plaintiff does not know whether Mr. Thomas saw the gun safe but Mr. Thomas told Officer Kendzierski that he did and that the plaintiff had numerous guns. (Rule 56(a)1 Statements of Fact 16, 17, and 25).

Mr. Thomas told Officer Kendzierski that the plaintiff had been terminated after making threatening and unusual remarks in the workplace and that the plaintiff had told other employees that he was depressed, taking medication, and that the medication kept him from using his guns on people. (Rule 56(a)1 Statement of Fact 18). Mr. Thomas also made Officer Kendzierski aware that the plaintiff had told Victor Hasbrouck during his job performance evaluation meeting about a week prior to his termination that he was depressed and that his job was the only thing he had to live for and that the plaintiff was very angry at the meeting. (Rule 56(a)1 Statement of Fact 20). Mr. Thomas expressed concern that the plaintiff might harm himself or someone at Beckman Coulter and told Officer Kendzierski that at the termination meeting the plaintiff was clearly depressed and appeared to have been drinking. (Rule 56(a)1 Statement of Facts 22 and 23).

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

The plaintiff admitted during his deposition that the only source of information he had as to what Mr. Thomas told Officer Kendzierski is the police report. (Rule 56(a)1 Statement of Fact 26). The plaintiff does not dispute that when Officer Kendzierski asked him if he was going to hurt himself the plaintiff said something to the effect of "I would like to ring the neck of that little fucker" in referring to one of the employees at Beckman Coulter, Inc. (Rule 56(a)1 Statement of Fact 32). The plaintiff admits he told Officer Kendzierski that he was depressed and that he might have said he needed to talk to someone because he was depressed. (Rule 56(a)1 Statement of Fact 31). The plaintiff acknowledges that he had two rifles, two pistols, and a 12 guage Shotgun in his gun safe on March 5, 2002. (Rule 56(a)1 Statement of Fact 35).

The plaintiff admits that he invited Officer Kendzierski into his apartment. (Rule 56(a)1 Statement of Fact 30). Officer Kendzierski documented in the police report that the plaintiff admitted to drinking and that Mr. Saliby said he had to leave his apartment because he was afraid of what he would do if he was near his medication. (Rule 56(a)1 Statement of Facts 33 and 34). Officer Kendzierski noted

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

that the plaintiff had several mood swings during his discussions with the plaintiff. (Rule 56(a)1 Statement of Fact 36).

Based on the totality of the circumstances, including the comments made by the plaintiff that were consistent with the information reported by Mr. Thomas, and the presence of the guns, Officer Kendzierski exercised the discretion afforded him pursuant to C.G.S. §17a-503(a) in assessing the plaintiff's mental status. He reasonably believed that Mr. Saliby's mental status was such that he was a danger to himself or to others and in need of immediate medical care and treatment.

Indeed, after Mr. Saliby was transported to the hospital a Superior Court Judge found that there was probable cause to believe that Mr. Saliby posed a risk of imminent personal injury to himself or to other individuals in issuing the search and seizure warrant for the plaintiff's firearms. (Rule 56(a)1 Statement of Fact 46).

Furthermore, the Yale New Haven Hospital records document that the plaintiff's behavior in the hospital was erratic and unusual. After his arrival the plaintiff stated that he possibly could hurt himself if left alone and the diagnosis was that of depression. (Rule 56(a)1 Statement of Fact 42). The plaintiff was kept overnight for observation and released the next day, but prior to his release the

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

plaintiff threatened the medical staff and Dr. Kodama ordered the use of four-point restraints on the plaintiff. (Rule 56(a)1 Statement of Fact 43).

Based on the uncontested facts Officer Kendzierski had reasonable cause to believe that the plaintiff was a danger to himself or others, and therefore, his actions of having the plaintiff subjected to a mental examination at the hospital were lawful and did not violate the due process clause.

**B.** **Plaintiff's Fourth Amendment Claims of False Arrest, Arrest Without Probable Cause, and Arrest Without a Warrant Cannot Survive Summary Judgment**

The record evidence demonstrates that the plaintiff was neither arrested nor illegally seized. The plaintiff admitted during his deposition testimony that he was not arrested. (Rule 56(a)1 Statement of Fact 41).  It is undisputed that he was not charged with any crime. The plaintiff concedes that he was not handcuffed and not physically harmed or threatened by the defendant. Mr. Saliby walked into the ambulance on his own and prior to being transported to the hospital he understood that he would have a competency oriented or psychologically oriented evaluation at the hospital. The police did not accompany the plaintiff to the hospital. (Rule 56(a)1 Statement of Facts 39-40).

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

It is well established that a §1983 claim of false arrest based on the Fourth Amendment Right to be free from unreasonable seizures may not be maintained if there was probable cause for the arrest. Kent v. Kent, 312 F.3d 568, 573 (2d Cir. 2002); Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995). A finding of probable cause is a complete defense to an action for false arrest. Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).

The Fourth Amendment requires that an involuntary hospitalization may be made only upon probable cause, that is, only if there are reasonable grounds for believing that the person seized is subject to seizure under the governing legal standard. Villanova v. Abrams, 972 F.2d 729, 795 (7th Cir. 1992); Williams, 64 F.Supp. 2d at 43; Glass v. Mayas, 984 F.2d 55, 58 (2d Cir. 1993). The "governing legal standard" in this situation is codified in C.G.S. §17a-503(a). See Rzayeva v. Foster,  134 F.Supp. 2d 239, 249 (2001); Williams, 64 F.Supp. 2d at 42.

The defendant had reasonable grounds to take the plaintiff into custody and to have him subjected to a mental examination, therefore, the plaintiff's claims of false arrest and arrest without probable cause must fail.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

Similarly, the undisputed facts do not support the plaintiff's claim that the defendant improperly arrested the plaintiff without a warrant. First of all, it is not conceded by the defendant that the plaintiff was arrested. Secondly, even if it is assumed that the plaintiff was arrested the Supreme Court has recognized an exception to the warrant and probable cause requirements in cases involving "special needs, beyond the normal need for law enforcement." Griffin v. Wisconsin, 483 U.S. 868, 873 (1987). The state has a legitimate interest in protecting the community from the mentally ill and in protecting a mentally ill person from self-harm. Pino v. Higgs, 75 F.3d 1461, 1468 (10th Cir. 1996). The emergency exception to the warrant requirement derives from the police's community caretaking function rather than its criminal investigatory function. State v. Blades, 225 Conn. 609, 619 (1993). Connecticut General Statutes §17a-503(a) demonstrates the State's intent and interest to protect those with diminished mental capacity including individuals with temporary psychiatric problems.

The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency. Mincey v. Arizona, 437 U.S. 385, 392 (1978). Under the emergency exception to the warrant requirement, police officers may enter a person's home to render emergency aid to a

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

person they reasonably believe needs assistance. <u>Tierney v. Davidson</u>, 133 F.3d 189, 196 (2d Cir. 1998). The test is not whether the officers actually believed that an emergency existed, but whether a reasonable officer would have believed that such an emergency existed. <u>See</u> <u>State v. Blades</u>, 225 Conn. 609, 619 (1993).

In this matter Officer Kendzierski personally spoke with and observed the plaintiff. After arriving at the plaintiff's residence the plaintiff admitted to suffering from depression and being upset about losing his job. He heard the plaintiff state that he would like to harm an employee of Beckman Coulter and observed the plaintiff's mood swings. The plaintiff's actions and comments were consistent in large part with the information provided by Paul Thomas. The plaintiff clearly had firearms that could be used to harm the plaintiff or someone else. Officer Kendzierski's judgment to act pursuant to C.G.S. §17a-503(a) was not only reasonable and supported by the events before him, but his judgment was later supported by Superior Court Judge O'Keefe's finding of probable cause in issuing the search and seizure warrant and by the hospital records of the various doctors who diagnosed the plaintiff with depression, documented the plaintiff's threatening behavior including the need for restraints, and deemed it necessary to keep the plaintiff overnight for evaluation. Given the circumstances that Officer Kendzierski

LAW OFFICES OF BAIO & ASSOCIATES, P.C.

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

was presented with it was reasonable to conclude that an emergency situation existed that required the action that he took to protect the safety of the plaintiff and others.

**C.  Defendant Kendzierski Is Entitled to Qualified Immunity**

In a section 1983 case, a municipal officer performing discretionary functions may be shielded from liability in his individual capacity based on qualified immunity. Williams, 64 F.Supp. at 41. When the factual record is not in serious dispute it is preferable for a court to decide the qualified immunity issue at the pretrial stage. Warren v. Dwyer, 906 F.2d 70, 76 (2d Cir. 1990). The entitlement to qualified immunity does not depend on the lawfulness of an officer's actions, but on whether it was objectively reasonable for the officer to believe he acted in accordance with existing law. Anderson v. Creighton, 483 U.S. 635, 644 (1987). An officer's actions are considered objectively unreasonable when no officer of reasonable competence could have made the same choice in similar circumstances. Lennon v. Miller, 66 F.3d 416, 420-21 (2d Cir. 1995).

LAW OFFICES OF BAIO & ASSOCIATES, P.C.

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

The qualified immunity defense is intended to strike a fair balance between (1) the need to provide a realistic avenue for vindication of constitutional guarantees, and (2) the need to protect public officials who are required to exercise their discretion and the related public interest in encouraging vigorous exercise of official authority. Jemmott v. Coughlin, 85 F.3d 61, 66 (2d Cir. 1996).

Government officials are shielded from liability when their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Even if a clearly established statutory or constitutional right is violated, qualified immunity is nonetheless a defense if the officers' unlawful actions were objectively reasonable as measured by reference to clearly established law and the information the officer possessed. Anderson, 483 U.S. at 641. Qualified immunity provides ample protection to all but the plainly incompetent or those who knowingly violated the law. Malley v. Briggs, 475 U.S. 335, 341 (1986).

It is fundamental that, before the doctrine of qualified immunity under §1983 need ever be invoked, a plaintiff must have sufficiently pleaded a legitimate constitutional deprivation to begin with. Siegert v. Gilley, 500 U.S. 226 (1991). As

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

stated previously herein the defendant's view is that the plaintiff has failed to do so. Assuming arguendo to the contrary, it is evident that the defendant is entitled to the benefits of the qualified immunity doctrine in this case.

The qualified immunity doctrine serves to protect police officers from liability and lawsuits stemming from on-the-spot judgments made in tense situations. Police officers should be encouraged and not discouraged in the lawful performance of their duties in difficult situations. Otherwise, fear of personal liability would likely affect the willingness of an officer to pursue an investigation.

Other courts have afforded protection to police officers making decisions to take someone in for an emergency psychiatric examination. In <u>Gooden v. Howard County</u>, 954 F.2d 960 (11th Cir. 1992), police officers took a female in for an emergency psychiatric evaluation pursuant to state law due to their belief she had multiple personalities. After she was taken into custody and sent to the hospital, she was seen by a doctor and released shortly thereafter. The Court held that the officers were entitled to qualified immunity. In reaching its decision the Court noted that "if every mistaken seizure were to subject police officers to personal liability under §1983, those same officers would come to realize that the safe and cautious course was always to take no action. The purposes of immunity are not served by a

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

police force intent on escaping liability to the cumulative detriment of those duties which communities depend on such officers to perform. "Id. at 967. "It is a misguided application of §1983 to expose to liability those who by all objective indicia were only trying to help." Id. at 967. See also Maag v. Wessler, 960 F.2d 773 (9th Cir. 1991); S.P. v. City of Takoma Park, Maryland, 34 F.3d 260 (4th Cir. 1998); Chathas v. Smith, 884 F.2d 980, 987 (7th Cir. 1989); Ahern v. Donnelly, 109 F.3d 809 (1st Cir. 1997).

The concept of dangerousness which calls on lay police to make a psychological judgment is far more elusive than the question of whether there is probable cause to believe someone has in fact committed a crime. The lack of clarity in the law governing seizures for psychological evaluation is striking when compared to the standards detailed in other Fourth Amendment contests, where probable cause to suspect criminal conduct has been painstakingly defined. Gooden, 954 F.2d at 968.

The existence of alternative reasonable explanations does not render the officers' interpretation of events unreasonable. Pino v. Higgs, 75 F.3d 1461, 1468 (10th Cir. 1996) (Court found that simply because the plaintiff and her family insisted that she was not mentally ill and did not need to be taken to the hospital did not

LAW OFFICES OF BAIO & ASSOCIATES, P.C.

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

make the officer's actions unreasonable). A court should ask whether the government officials acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed after the fact. Hunter v. Bryant, 502 U.S. 224, 228 (per curiam) (1991).

For the reasons set forth in Sections A. and B. above and in light of the totality of the circumstances presented to Officer Kendzierski on March 5, 2002 it was reasonable for him to conclude that Mr. Saliby had a psychiatric problem and posed a danger to himself or others and should be taken to the hospital for an evaluation for his own protection and the protection of others.

**D. Plaintiff's State Law Claim of False Imprisonment and Claim Brought Under Article I of the Connecticut Constitution Are Without Merit As a Matter of Law**

The defendant is aware that the Court could decline to exercise its supplemental jurisdiction over the plaintiff's state law claims, in the event the plaintiff's federal claims are disposed of by the court's decision on the instant motion. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). If the Court were to decline jurisdiction the case would be remanded to state court with further proceedings on issues virtually identical to those necessary to the Court's ruling on

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

this motion for summary judgment. As a result the defendant respectfully suggests that significant considerations of fairness, judicial efficiency and economy justify the court in addressing the plaintiff's state law claims as well in the event that the Court grants the instant motion with respect to the plaintiff's federal claims.

To establish a claim of false imprisonment, the plaintiff must show that his physical liberty was restrained by the defendant and that he was held against his will. Berry v. Louiseau, 223 Conn. 786, 820 (1992). Plaintiff's claim for false imprisonment will not survive if the defendant can establish the existence of probable cause for the confinement. Williams, 64 F.Supp. at 46-47. Since Officer Kendzierski had reasonable cause to take the plaintiff into custody and have him transported to Yale New Haven Hospital for an emergency examination he had probable cause for the confinement. See Williams, 64 F.Supp. at 46-47.

In paragraph 10 of his complaint the plaintiff alleges in part that his right to be free from false arrest, arrest without a warrant, arrest without probable cause, and false imprisonment, which rights are secured to the plaintiff… by Article One of the Connecticut Constitution. Although the plaintiff does not cite the sections of Article One upon which he is relying, the defendant assumes that the plaintiff is relying specifically on Sections 7 and 9 of Article I.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

Article I §7 provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation." Article I §9 provides: "No person shall be arrested, detained or punished, except in cases clearly warranted by law."

Sections 7 and 9 provides constitutional protections from unreasonable searches and seizures, and are similar to the provisions of the Fourth Amendment. See State v. Conely, 31 Conn. App. 548, 554 (1993). State searches and seizures are to be judged by the same constitutional standards as exist in the federal system. State v. Tully, 166 Conn. 126 (1974). See Powell v. Cusimano, 326 F.Supp. 2d 322, 344-345 (D. Conn. 2004). Both the State Constitution and the Fourth Amendment to the United States Constitution create a reasonableness standard that proscribes unreasonable searches and seizures. State v. Waller, 25 Conn. App. 575, cert. granted in part, 220 Conn. 920, aff'd, 223 Conn. 283 (1991).

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**

15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

Since the same standard applies and the defendant is entitled to judgment as a matter of law on the plaintiff's federal claims for the reasons set forth herein, the plaintiff's claims under the Connecticut Constitution raise no genuine issues of material fact.

III.   **CONCLUSION**

The plaintiff's federal and state claims are without support based on the undisputed facts of this case. All of the plaintiff's causes of action against the defendant must therefore fail on the merits. For all of the foregoing reasons, the defendant respectfully requests that the Court enter summary judgment for the defendant.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

Defendant, Peter Kendzierski

BY:_____

Andrew M. Dewey
Baio & Associates, P.C.
15 Elm Street
Rocky Hill, CT 06067
Telephone: 860-571-8880
Facsimile: 860-571-8853
Federal Bar No. ct07152
E-Mail: adewey@baiolaw.com
His Attorney

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this

6th day of October, 2004 to all counsel of record as follows:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

Edward M. Richters, Esq.
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT 06105

_____
Andrew M. Dewey

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580